Filed 8/23/22 In re Alicia A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re Alicia A., a Person Coming Under the Juvenile Court Law. | C095275 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.A., <br><br> Defendant and Appellant. | (Super. Ct. No. JD240998) |

A.A. (father) appeals from the juvenile court's orders at the contested, combined jurisdiction and disposition hearing finding jurisdiction over Alicia A. (minor) and adopting the recommended findings and orders of the Sacramento County Department of

1

Child, Family and Adult Services (Department). (Welf. & Inst. Code, § 300, subd. (b)(1).)[1]

Father's contentions on appeal are limited to the Department and juvenile court's compliance with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). Specifically, father complains: (1) the Department failed to make adequate initial inquiries of father's extended family concerning his ICWA status; (2) the Department failed to make adequate further inquiry into the minor's mother, Re.B.'s (mother), possible Indian heritage by not interviewing all of mother's known extended family members; (3) the Department failed in its further inquiry investigation because it failed to contact the Bureau of Indian Affairs (BIA); (4) the Department failed to adequately document its further ICWA inquiry efforts; and (5) the juvenile court failed to directly inquire concerning the ICWA status with various family members at postdetention proceedings. The Department does not oppose father's request for a limited remand in order to assure compliance with the ICWA requirements.

While we do not agree with all of father's arguments, we conclude the matter must be remanded with directions to the Department and juvenile court to demonstrate compliance with the inquiry provisions of the ICWA and related California law, and for further proceedings not inconsistent with this opinion. We will otherwise affirm.

BACKGROUND

In accordance with father's limited issues on appeal, we focus on the information related to the ICWA claims. Following the minor's birth and positive test for amphetamine and methamphetamine, the Department filed a section 300 petition on her behalf alleging the minor was a person described in subdivision (b)(1). The petition alleged the minor suffered, or was at substantial risk of suffering, harm due to substance

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

abuse by mother. The minor was discharged from the hospital into a confidential foster home under a voluntary placement agreement with mother.

On November 24, 2020, mother reported to the emergency social worker that she may have Native American heritage but was unsure of the tribe. On December 3, 2020, father denied having any Native American heritage and later filed an ICWA-020 form confirming that denial. The Department filed an ICWA-010 form indicating the social worker had a "reason to believe the child is or may be an Indian child."

At the December 8, 2020, detention hearing, the juvenile court confirmed father was not claiming any Native American heritage, and the court determined that as to father, the minor was not an Indian child. Mother was not present at the hearing. The court adopted the Department's proposed findings and orders, which included that there was reason to believe the minor may be an Indian child requiring the Department to make further inquiries (§ 224.2, subd. (e)).

The Department interviewed maternal grandfather, R.B., on December 14, 2020. R.B. reported that maternal great-great-grandmother, I.B., may have had Native American ancestry, but he did not know which tribe or whether she was a registered member. R.B. promised to contact other family members to see if he could obtain more information. On December 22, 2020, R.B. reported that he had spoken with unidentified family members and that "no one is sure whether or not the maternal great great grandmother, [I.B.], was part Native American or not." Thus, the combined jurisdiction/disposition report dated December 29, 2020, reflected that no possible tribe had been identified by mother's relatives. The record does not reflect that the Department spoke with any other maternal relatives regarding mother's possible Native American heritage, despite the Department's awareness of the identities of other maternal relatives.

Mother officially appeared for the first time in the case on June 22, 2021, and was not questioned by the juvenile court concerning her ICWA status. Thereafter, mother

filed an ICWA-020 form confirming her possible Native American heritage on July 2, 2021. Mother checked the box that stated: "I am or may be a member of, or eligible for membership in, a federally recognized Indian tribe. Name of tribe(s) (name each): Unknown." Mother did not identify a location for her possible tribal affiliation.

The contested combined jurisdiction/disposition hearing took place over several days starting on November 17, 2021. At no point during the evidence or argument portion of the hearing did the court or attorneys address the possible applicability of the ICWA. The matter was submitted on November 19, 2021, and on November 23, 2021, the juvenile court issued its ruling finding jurisdiction and, following the Department's recommended disposition, adopting the proposed findings and orders with select modifications not relevant here. Further, the court separately determined that "evidence was presented indicating the child is not an Indian child as defined under [the] ICWA." No other findings or comments concerning the ICWA were made. Father timely appealed.

## DISCUSSION

Father brings a myriad of complaints seeking a limited remand so the Department and juvenile court can comply with the initial and continuing ICWA duty to investigate whether the minor may be an Indian child. The Department does not oppose father's request. As we shall explain, we conclude a limited remand is required to allow the Department and juvenile court to comply with the ICWA requirements in respect to any claims of possible Native American heritage.

### A

As this court recently explained: " 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an

4

Indian tribe." [Citation.]' (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the [Department] have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360.)

" '[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the [Department]'s initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a "reason to *believe*" the child is an Indian child, then the [Department] "shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone "knows or has reason to know that the child is an Indian child"]; *id.*, subd. (d) [defining circumstances that establish a "reason to know" a child is an Indian child]; § 224.3 [ICWA notice is required if there is a "reason to know" a child is an Indian child as defined under § 224.2, subd. (d)].)' (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)" (*In re G.A., supra*, 81 Cal.App.5th at p. 361.)

As pertinent to the issues in this appeal, when there is *reason to believe* the child is an Indian child, further inquiry is necessary to help determine whether there is *reason to know* the child is an Indian child, including: "(A) Interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3[;] [¶] (B) Contacting the [BIA] and the State Department of Social Services for assistance in identifying the names and contact

5

information of the tribes in which the child may be a member, or eligible for membership in, and contacting the tribes and any other person that may reasonably be expected to have information regarding the child's membership status or eligibility[;] [¶] (C) Contacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility. Contact with a tribe shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the [ICWA] [citation]. Contact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (§ 224.2, subd. (e)(2).) There is no need, however, to continue on to section 224.2, subdivision (e)(2)(B) and (C) if the inquiry contemplated in subdivision (e)(2)(A) is completed and fails to yield information from which a specific tribal affiliation could be deduced.

"[C]laims of inadequate inquiry into a child's Native American ancestry [are reviewed] for substantial evidence." (*In re G.A., supra*, 81 Cal.App.5th at p. 361.)

B

Here, mother initially reported that she may have Native American heritage, but does not appear to have provided any other information that could be used to limit her broad invocation. The juvenile court found there was a reason to believe the minor may be an Indian child, but the Department did not reinterview mother and did not interview all known members of her extended family concerning her claimed possible Native American heritage. Rather, it appears the Department only interviewed maternal grandfather, who then spoke with unknown family members and was not able to provide any further information. This was true even though the Department had been in contact with other maternal family members. There is no information to suggest that the great-great-grandmother identified during grandfather's interview was the only possible source of mother's Native American heritage or that other family members would not have been

6

able to provide additional information. Based on the Department's failure to interview known maternal relatives, we conclude the Department did not comply with its duty of further investigation under section 224.2, subdivision (e)(2)(A).

As to father's claim the Department did not comply with its duty of investigation on the paternal side of the family, we disagree that father has shown that the Department prejudicially erred in (1) not interviewing his extended family members regarding the applicability of the ICWA and (2) not contacting the BIA. There is nothing in the record to suggest a reason to believe that the minor may have Native American heritage through father or that father was unaware of his family history such that a latent Native American heritage could be suspected. Accordingly, any error in not interviewing father's extended family was harmless. (*In re G.A.*, *supra*, 81 Cal.App.5th at p. 364] [where record unambiguously shows denial of parent of Native American heritage, any error in failing to inquire of extended family relatives is harmless]; *In re Dezi C.* (2022) 79 Cal.App.5th 769, 774.) Of course, if such information is uncovered on remand, the Department shall take the necessary steps to comply with its further inquiry obligations under section 224.2, subdivision (e).

On remand, we will direct the Department to complete its investigation in accordance with the section 224.2, subdivision (e)'s requirements, which will then be presented to the juvenile court so that the court can then determine that the Department has met its further inquiry obligations under that section and determine anew whether the minor is an Indian child according to the ICWA. (§ 224.2, subd. (e); *In re M.W.* (2020) 49 Cal.App.5th 1034, 1046-1048.)

## DISPOSITION

The matter is remanded with directions to the Department and juvenile court to demonstrate compliance with the inquiry provisions of the ICWA and related California

law and for further proceedings not inconsistent with this opinion.  The juvenile court's jurisdictional and dispositional orders are otherwise affirmed.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.

8